FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JUL 23 2018 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____x

ETERI KHOLOST; LEONID LEONTIEV,

                Plaintiff,

-against-

U.S. DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT, MULTIFAMILY
NORTHEAST REGION; REALPAGE, INC.,

                Defendants.
_____x

**MEMORANDUM AND ORDER**
16-CV-6651 (AMD)(LB)

**ANN M. DONNELLY**, District Judge:

The *pro se* plaintiffs bring this action pursuant to 42 U.S.C. § 1983 *in forma pauperis*. They allege that the United States Department of Housing and Urban Development ("HUD") and RealPage, Inc. ("RealPage") improperly rejected them for tenancy in Bensonhurst Housing for the Elderly HDFC, Inc. ("Bensonhurst Housing") in violation of their "right to Federally Subsidized Housing Program," the Fair Credit Reporting Act, and the Freedom of Information Act. HUD moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on the grounds that (1) HUD has not waived sovereign immunity, and (2) the plaintiffs do not allege tortious conduct by a federal employee. RealPage moves to dismiss pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6) on the grounds that (1) RealPage is not subject to suit under either § 1983 or FOIA, and (2) the plaintiffs failed to allege sufficient facts to state a claim under the FCRA. For the reasons discussed below, the defendants' motions are granted.

## BACKGROUND

In January 2009, the plaintiffs, Eteri Kholost and Leonid Leontiev, applied for an apartment at Bensonhurst Housing for the Elderly—a 71-unit rental building for low-income

1

elderly—which receives funding from HUD under Section 202 of the Housing Act of 1959, 12 U.S.C. § 1701q (2012). (ECF No. 1 at 8; ECF No. 19-2.) On January 9, 2009, Bensonhurst Housing placed the plaintiffs on a waitlist. (ECF No. 1 at 8.) On April 5, 2016, the plaintiffs were interviewed at Bensonhurst Housing for an available apartment. (*See id.* at 11.)

On April 13, 2016, Danessa Gaston, a manager at Bensonhurst Housing, informed Kholost by letter that her application was rejected because she had failed a screening. (*Id.* at 12.) Gaston explained that "[w]hen we ran your credit report the credit bureau was unable to verify your social security number due to a fraud alert." (*Id.*) On the same day, Kholost and Leontiev received separate letters from Bensonhurst Housing informing them that their applications were denied due to a "Fraud alert." (*Id.* at 13, 14.) The company's "decision was based in whole or in part" on consumer reports from TransUnion and RealPage. (*Id.*) The letters advised that "Fraud Alert" could mean either that the plaintiffs had placed a fraud alert on their own credit files or that "there was some discrepancy in the information [the plaintiffs] provided at the time of application." (*Id.*)

The plaintiffs attempted to resolve the issue by submitting additional credit reports to Gaston by mail and in person. (*Id.* at 5, 35.) On May 3, 2016, the plaintiffs visited Gaston at her office. (*Id.* at 5.) According to the plaintiffs, Gaston "refused to hear us and when we politely insisted, she called the police. Two policemen came and could not understand why they were called." (*Id.*)

On June 28, 2016, the plaintiffs delivered a "complaint and all materials" to HUD. (*Id.*) On October 27, 2016, HUD responded by letter, informing the plaintiffs that Bensonhurst Housing had determined that it could not allow the plaintiffs into the housing facility because of Leontiev's threatening behavior during the May 3rd visit; according to the letter, "Ms. Gaston

2

reported that law enforcement was called after Mr. Leontiev's behavior became threatening," which "was confirmed by several witnesses." (*Id.* at 39.) Accordingly, Bensonhurst Housing would be "sending [the plaintiffs] a formal rejection letter." (*Id.*)

On November 30, 2016, the plaintiffs filed a complaint against HUD and RealPage, pursuant to 42 U.S.C. § 1983, alleging violations of their "right to Federally Subsidized Housing Program," the Fair Credit Reporting Act, and the Freedom of Information Act. (*Id.* at 4.) The plaintiffs seek the following relief: (1) an apartment in Bensonhurst Housing, (2) the "violators to be punished," (3) and "relief which the Federal Court finds to be just and proper" since they "are in difficulty to estimate all losses of [their] budget . . . caused . . . by both defendants." (*Id.* at 6.)

On March 13, 2017, RealPage filed a motion to dismiss the complaint, pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim. (ECF No. 16.) The plaintiffs responded on April 4, 2017, (ECF No. 17), and RealPage replied on April 26, 2017, (ECF No. 20). On April 24, 2017, HUD filed a motion to dismiss pursuant to Rules 12(b)(1) and (6). (ECF No. 19.) The plaintiffs responded on May 3, 2017. (ECF No. 23.) On May 31, 2017, the plaintiffs filed a motion to amend their complaint, seeking to add a defendant. (ECF No. 25.) The Court denied the plaintiffs' motion pending the completion of a HUD investigation. On January 25, 2018, the plaintiffs filed a second motion to amend their complaint, again seeking to add a defendant. (ECF No. 26.) On April 18, 2018, the Court denied the plaintiffs' motion on the merits. (ECF No. 30.) By letter on May 17, 2018, the plaintiffs submitted a further "analysis" of HUD's motion to dismiss. (ECF No. 31.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action if it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[1] At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the plaintiffs' *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

---

[1] On November 30, 2016, the plaintiffs filed applications to proceed *in forma pauperis*. (ECF Nos. 2 and 3). By Order dated December 9, 2016, the plaintiffs' applications were denied and they were directed to pay the required $400 filing fee. (ECF No. 5). The plaintiffs paid the filing fee on December 12, 2016. (ECF No. 7). On December 15, 2016, the plaintiffs filed letter motions seeking reconsideration of the Court's December 9, 2016 Order. (ECF Nos. 9 and 10). By Order dated February 16, 2017, the Court granted the plaintiffs' motions for reconsideration, and allowed them to proceed *in forma pauperis*. The Court also directed the Clerk of Court to return the plaintiffs' $400 filing fee. Thus, the plaintiffs are proceeding *in forma pauperis*.

## DISCUSSION

### I. HUD

*A. Sovereign Immunity*

HUD argues that the plaintiffs' action is barred by the doctrine of sovereign immunity. I agree. HUD has not expressly waived sovereign immunity for its funding activities under 12 U.S.C. § 1701q.

Suits against the United States and federal agencies require "a cause of action, subject matter jurisdiction, and a waiver of sovereign immunity." *Presidential Gardens Assoc. v. Sec'y of Hous. and Urban Dev.*, 175 F.3d 132, 139 (2d Cir.1999) (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983)); *see also C.H. Sanders Co. v. BHAP Housing Dev. Fund Co.*, 903 F.2d 114, 117 (2d Cir.1990) ("[A]n action against the sovereign is properly before the district court only if there [is] both a grant of subject matter jurisdiction and a valid waiver of sovereign immunity." (citations omitted)). As a federal agency, HUD is immune from suit unless it unequivocally and expressly waived immunity. *See Lane v. Pena*, 518 U.S. 187, 192 (1996).

HUD's funding of Bensonhurst Housing is pursuant to 12 U.S.C. § 1701q. HUD is immune from suit for its funding pursuant to Section 1701q because it has not expressly waived sovereign immunity. *See United Americans, Inc. v. N.B.C–U.S.A. Housing, Inc. Twenty Seven*, 400 F. Supp. 2d 59, 62 (D.D.C 2005) (Section 1702 does not waive sovereign immunity for claims under Section 1701q); *cf. Almeida v. U.S. Dep't of Hous. & Urban Dev.*, No. 08-CV-4582, 2009 WL 873125, at *3 (S.D.N.Y. Feb. 11, 2009) (Section 1702 does not waive sovereign immunity for claims under Section 1701z-11).

*B. 42 U.S.C. § 1983 and Federal Tort Claims Act*

HUD cannot be sued under § 1983 because it is a federal agency. *See Dotson v. Griesa*, 398 F.3d 158, 162 (2d Cir. 2005). Section 1983 applies only to individuals acting under the color of state law. *See* 42 U.S.C. § 1983. However, the Court liberally construes the plaintiffs' § 1983 claims against HUD as claims under the Federal Tort Claims Act. *See White v. Monarch Pharm., Inc.*, 346 F. App'x 739, 741 (2d Cir. 2009).

The plaintiffs' FTCA claim fails because the plaintiffs have not exhausted their administrative remedies. To bring an FTCA claim, claimants must exhaust their administrative remedies by executing a Standard Form 95 or notifying HUD in writing of the incident, "accompanied by a claim for monetary damages in a certain sum." 28 C.F.R. § 14.2(a). The plaintiffs did write to HUD about Bensonhurst Housing's denial of their leasing application, but the plaintiffs did not include a claim for monetary damages. Accordingly, the plaintiffs have failed to exhaust their administrative remedies.

The plaintiffs' FTCA claim also fails because they have not alleged any tortious actions by a federal employee. The plaintiffs allege that Gaston improperly rejected their leasing application, but Gaston is employed by Bensonhurst Housing, a private company, not by HUD. Therefore, the plaintiffs fail to state a claim against HUD for Gaston's actions under the FTCA.[2] *See* 28 U.S.C. § 2762 (FTCA claims are "for money damages against the United States for injury . . . caused by the negligent or wrongful act or omission of any employee of the agency while activing within the scope of his office or employment"). The complaint's reference to HUD's conduct is to the October 29, 2016 letter that HUD sent to the plaintiffs, which the

---

[2] Moreover, HUD is not responsible for the selection of tenants. According to HUD regulations, all management functions, including the selection of tenants and determining whether applicants meet disclosure and verification requirements, are the responsibility of the owner, Bensonhurst Housing. *See* 24 C.F.R. § 891.400(b); 24 C.F.R. § 891.410(c)(1).

6

plaintiffs allege was a "trick of HUD's officials and that had nothing to do with the sense of our claim." This vague and conclusory allegation fails to state a claim under the FTCA.

## II. RealPage

### A. 42 U.S.C. § 1983

The plaintiffs' claims against RealPage, a privately owned entity, must also be dismissed. A claim for relief under § 1983 must allege facts showing that the defendant acted under color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.'" *Hooda v. Brookhaven Nat. Lab.*, 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting *Rendell–Baker v. Kohn*, 457 U.S. 830, 837 (1982)); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted). A private actor may be liable under § 1983 only if there is a sufficiently "'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).

RealPage is a private entity, and the plaintiffs have not alleged that it was acting under color of state law or that there was otherwise state involvement related to their denial of housing claims. *See Reaves v. Dep't of Veterans Affairs*, No. 08-CV-1624, 2008 WL 2853255, at *2 (E.D.N.Y. July 22, 2008) (Section 1983 claim involving claim of unfair treatment with respect to public housing could not be brought against the Salvation Army because a private organization

and its staff members are not state actors); *see also Brown v. 2149-53 Pacific Street H.D.F.C., Inc.*, No. 11-CV-1164, 2011 WL 1463988, at *2 (E.D.N.Y. Apr. 15, 2011) (dismissing § 1983 claim because defendants are private actors and a private corporation, not state actors).

  *B. Fair Credit Reporting Act*

  The plaintiffs also make claims against RealPage under the Fair Credit Reporting Act, but RealPage is not a "consumer reporting agency" subject to suit under the FCRA.

  "The FCRA creates a private right of action against credit reporting agencies" for violations of the statute. *Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 473 (2d Cir. 1995). A "consumer reporting agency" is a person who "regularly engages . . . in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties . . . ." 15 U.S.C. § 1681a(f). This function "involves more than receipt and retransmission of information." *DiGianni v. Stern's*, 26 F.3d 346, 349 (2d Cir. 1994) (internal quotations and citation omitted); *see also Ori v. Fifth Third Bank*, 603 F. Supp. 2d 1171, 1175 (E.D. Wis. 2009) ("Obtaining and forwarding information does not make an entity a [credit reporting agency].")

  RealPage was merely the conduit between TransUnion and Bensonhurst Housing, not a credit reporting agency subject to suit under the FCRA. The mere receipt and retransmission of the TransUnion credit report does not make RealPage a credit reporting agency.

**III. No Right to Housing[3]**

  The plaintiffs claim that they were denied their constitutional right to affordable housing. This claim must be dismissed because "[n]either the United States Constitution nor any other

---

[3] The plaintiffs make a claim under the Freedom of Information Act, but do not allege how the defendants violated FOIA, or that the plaintiffs even made a FOIA request. "FOIA provides a cause of action only to a requester who has filed a FOIA request that has been denied." *Sorodsky v. U.S. Atty.*, No. 12-CV-4420, 2012 WL 4891697, at *6 (E.D.N.Y. Oct. 11, 2012).

federal law establishes a fundamental right to public housing or emergency shelter." *Mallgren v. John Doe Corp.*, No. 13-CV-1265, 2013 WL 1873319, at *4 (E.D.N.Y. May 2, 2013) (citing and quoting *Lindsey v. Normet*, 405 U.S. 56, 74 (1972) (finding no "'constitutional guarantee of access to dwellings of a particular quality'"); *Acevedo v. Nassau County, New York*, 500 F.2d 1078, 1080-81 (2d Cir. 1974) ("finding no constitutional or statutory duty to provide low income housing"); *Fair Hous. In Huntington Comm. v. Town of Huntington, NY*, No. 02-CV-2787, 2005 WL 675838, at *8 (E.D.N.Y. Mar. 23, 2005) ("'Unfortunately for Plaintiffs, there is no constitutional or statutory duty to provide low income housing, nor is there a constitutional guarantee of access to dwellings of a particular quality.'") (quoting *Acevedo*, 500 F.2d at 1080-81) (internal quotation marks omitted)).

## CONCLUSION

For the reasons explained above, the plaintiffs' claims against HUD are barred by sovereign immunity; the plaintiffs' FTCA claim against HUD fails because the plaintiffs did not exhaust their administrative remedies and did not allege any tortious act by a federal employee; RealPage is not subject to suit under § 1983 or the FCRA; and the plaintiffs fail to state a claim under FOIA. Accordingly, HUD and RealPage's motions to dismiss are granted. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                         s/Ann M. Donnelly
                                                          ANN M. DONNELLY
                                                          United States District Judge

Dated: Brooklyn, New York
       July 23, 2018